Case of eject-
ment for
town lots
purchased at
sheriff's sale.

'In proof of ti-
tle under a
sheriff's sale,
the copy of
the judgment
and so much
of the record
as shews an
appearance
of the parties,
or service of
the process
on the de-
fendant, is
sufficient,
without a
complete

## *McGuire &c. vs. Kouns.*

Appeal from the Greenup Circuit; Wm. P. Roper, Judge.

*Sheriff's sales and deeds. Evidence. Executions. Judg-ments. Records.*

Judge Mills delivered the opinion of the court.

This is a judgment in ejectment, ob-tained for certain lots in the town of Greenupsburg; and the title given in evidence by the lessor of the plaintiff, was obtained by him under a purchase from the sheriff, under execution. During the trial, various exceptions were taken to the title of the plaintiff, the most important of which will be notic-ed in revising the judgment.

The judgment on which the execution issued, was in the Scott circuit court, and the lessor of the plaintiff did not offer in evidence a complete copy of the record, but only the entry of the writ of en-quiry of damages, and judgment thereon, after en-tering the names of the parties, and their appearance. This was objected to, because all the record was not produced; but the objection was overruled by the court.

It is a general rule, that records, when used in evidence, must be produced entire. But this rule is laid down with some exceptions and limitations. The reason assigned for it is, that the part of the re-cord which is lacking, may give the rest a different meaning. Where a record is used as evidence to prove the facts therein contained, the rule well ap-plies. But where it is only used as it is here, to shew the fact that there was such judgment, then, so much of the record as is relevant, is frequently per-mitted to be used. Here the fact to be shown was, that there was such judgment to warrant the execu-tion, and enough of the record is produced to estab-lish that fact. It would be highly inconvenient to compel parties who hold titles under sheriffs' sales, to produce from distant counties complete records in suits in chancery or at law, as part of their title. Enough of the record in such case to show a valid judgment, by the service of process, or appearance of the parties, is sufficient, and this copy produced, shews that the parties appeared.

It is also excepted to the sheriff's deed, that it does not recite the execution under which the sale was made, but only refers to it by description.

We. suppose it must have been intended to complain, because the deed did not recite the execution *in hæc verba.* We do not conceive that the act of assembly, which directs the sheriff to recite in his deed, the execution under which he acted in the sale, intended to require the execution to be repeated word for word. A reference to, and description of. the execution reciting the material parts, such as its date, return, sum, parties, or the like, has been deemed sufficient; and deeds of that character have passed the ordeal of this court in silence, without ever supposing them defective because they did not repeat every word of the execution.

It was also objected, that the deed omits the names of two persons named in the execution, and that therefore their title could not have passed by the sale; and the court refused so to instruct the jury. On examining the deed, it does appear that in reciting the execution, the names of these persons are omitted. But this omission we conceive is not sufficient to make the deed inoperative as to their interest; because the deed shows that the sheriff sold all the title of the defendants in the execution, and the sheriff conveys the whole interest of all the defendants by the description of the heirs of Robert Johnson, and the omission to recite all the names in the execution, cannot vitiate the operation of the deed upon the title which the sheriff declares in his deed he has sold.

Judgment affirmed with costs.

*Triplett* for appellant; *Brown* and *Depew* for appellees.

*(Margin notes:)*

M'GUIRE &c vs. KOUNS.

It is not necessary, in a sheriff's deed for land, to recite the execution word for word; but a reference to and description of the writ, reciting the material parts of it, is sufficient.

An omission of the names of part of the defendants, in the recital of the execution, is not material, where it recited the interest of all the defendants described as the heirs of R. J. was sold and conveyed.